UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| TOMMIE CASTREJON, ) | |
| ) | |
| Plaintiff, ) | Case No. EDCV 13-01254 DOC (AJW) |
| ) | |
| v. ) | SUPPLEMENTAL |
| ) | REPORT AND RECOMMENDATION |
| STANLEY SNIFF, et al., ) | OF MAGISTRATE JUDGE |
| ) | |
| Defendants. ) | |

Plaintiff filed objections to the Report and Recommendation ("Report"). Some of those objections merit a response, but plaintiff's objections do not warrant a change in the Report.

Plaintiff contends that his civil rights claims against Riverside County Sheriff Stanley Sniff ("Sniff") in his individual capacity should not be dismissed without leave to amend because plaintiff's affidavit in support of his opposition to Sniff's motion to dismiss demonstrates that he can cure the factual defects in those claims. [Plaintiff's Objections 5]. The Court declined to consider plaintiff's affidavit for purposes of analyzing the motion to dismiss because the affidavit is a matter outside the pleadings and is not a proper subject for judicial notice, and therefore it cannot be considered without converting the motion to dismiss into a motion for summary judgment. [See Report 4].

Even if plaintiff's affidavit could properly be considered for purposes of ruling on Sniff's motion to dismiss, it contains no specific facts plausibly suggesting that Sniff is liable in his individual capacity under section 1983 for violating any of plaintiff's federal rights. See Ashcroft v. Iqbal, 556 U.S. 662, 663

1  (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Instead, plaintiff's affidavit contains broad, conclusory assertions of wrongdoing by Sniff "[u]pon information and belief," along with plaintiff's assertion that he will be able to offer factual support for his claims after conducting discovery. [Plaintiff's Affidavit ¶¶ 3-6].

Since the first amended complaint ("FAC") lacks any specific facts plausibly suggesting that plaintiff is entitled to relief against Sniff in his individual capacity under section 1983, plaintiff is not entitled to conduct discovery on those claims in an attempt to locate supporting facts. See Iqbal, 556 U.S. at 678-679 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); Starr v. Baca, 652 F.3d 1202, 1214, 1212-1216 (9th Cir. 2011) (explaining that "bare assertions" and "conclusory" allegations in a complaint are not entitled to a presumption of truth, and that the factual allegations that are entitled to such a presumption and accordingly are accepted as true "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), cert. denied, 132 S.Ct. 2101 (2012). Nothing in plaintiff's affidavit or elsewhere in the record warrants the conclusion that he can cure the factual defects in his claims against Sniff in his individual capacity.

The final paragraph of plaintiff's objections also includes a request for appointment of counsel. The issue of plaintiff's entitlement to appointment of counsel was not at issue in the motion to dismiss and therefore was not addressed in the Report. Plaintiff's inclusion of that request in his objections is procedurally improper. If plaintiff wishes to move for appointment of counsel, he should do so by filing a noticed motion or an ex parte application that complies with the applicable procedural requirements set forth in the Federal Rules of Civil Procedure and this district court's Local Rules.

Since there has been no substantive change to the Report, the parties are not authorized to file objections to this supplemental report and recommendation.

October 22, 2014

ANDREW J. WISTRICH
United States Magistrate Judge